**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

**ANTHONY YAUGER, on behalf of himself and on behalf of all others similarly situated,**

**Plaintiff,**

**v.**

**BURNT STORE RECYCLING, LLC, a Florida Limited Liability Company,**

**Defendant.**
**_____________________________/**

**CASE NO.**

**COLLECTIVE ACTION**

## COLLECTIVE ACTION COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiff, ANTHONY YAUGER ("Plaintiff"), on behalf of himself and on behalf of all others similarly situated, by and through undersigned counsel, files this Collective Action Complaint and Demand for Jury Trial against Defendant, BURNT STORE RECYCLING, LLC ("Defendant"), and states as follows:

## INTRODUCTION

1. Plaintiff alleges on his own behalf and on behalf of other similarly situated current and former non-exempt, hourly paid employees of Defendant, who elect to opt into this action, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), that they are: (i) entitled to unpaid overtime wages from Defendant; (ii) entitled to liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201, *et seq.*; and (iii) entitled to an award of reasonable attorneys' fees and costs,

pursuant to 29 U.S.C. § 216(b).

2. Specifically, Plaintiff complains that he, similar to other similarly situated, non-exempt hourly-paid employees of Defendant, was regularly required and/or permitted to work overtime while employed by Defendant, but that Defendant systematically failed to pay Plaintiff and its other similarly situated employees their full overtime wages due, because of Defendant's company-wide policy/practice of improperly failing to accurately record and credit all its employees' hours worked, including in weeks in which they worked in excess of forty (40) hours in a single workweek, and failing to properly pay all overtime wages owed for its employees' hours worked in excess of forty (40) hours in a workweek.

3. To that end, Plaintiff complains that Defendant failed to properly credit and compensate him and each of its other similarly situated, non-exempt employees with all their hours worked and routinely required such individuals to perform work off-the-clock and without any compensation, including in weeks in which they worked in excess of forty (40) hours, resulting in Plaintiff and Defendant's other similarly situated employees' being denied statutorily mandated overtime wages in any weeks in which they performed work in excess of forty (40) hours in a given workweek.

4. Plaintiff asserts that he, and others similarly situated, used Defendant's

punch card system to record all their hours worked each week during the relevant period of this action; however, Plaintiff and Defendant's other similarly situated employees routinely received paystubs which did not accurately reflect all hours actually worked for workweeks in which they worked in excess of forty (40) hours, and, instead, such weekly paystubs would only reflect up to forty (40) hours.

5. Plaintiff alleges that in any weeks in which he and Defendant's other similarly situated employees worked more than forty (40) hours in a workweek, Defendant failed or refused to pay any additional compensation unless and/or until such employees worked fifty (50) hours or more in a workweek.

6. Even after reaching the fifty (50) hour weekly threshold, to the extent Defendant paid Plaintiff and others similarly situated for their overtime hours worked, Defendant paid such employees' for all their hours worked over fifty (50) hours in a workweek at the employee's regular or "straight time" rate of pay, without any additional half-time overtime premiums.

7. Based on Defendant's company-wide policies/practices, as described in the foregoing paragraphs, Plaintiff, and other employees similarly situated to Plaintiff, were not paid full and proper overtime wages for all hours actually worked in excess of forty (40) hours in a single workweek in violation of the FLSA, which requires that non-exempt employees, such as Plaintiff, be compensated at a rate of at least one and one-half times their regular rate of pay for all hours worked in

excess of forty (40) hours in a week.

8. Plaintiff brings this collective action under the FLSA, against Defendant, to recover unpaid wages owed to him and all other similarly situated current and former employees of Defendant who worked for Defendant at any time during the three-year period prior to the date this Complaint was filed up to the present ("Collective Members"). These putative Collective Members should be informed of the pendency of this action and appraised of their rights to join in the manner envisioned by *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165 (1989) and its progeny.

## JURISDICTION and VENUE

9. Jurisdiction in this Court is proper as the claims are brought pursuant to the FLSA to recover unpaid back wages, an additional equal amount as liquidated damages, and reasonable attorney's fees and costs.

10. This Court has jurisdiction over the subject matter of this action pursuant to 29 U.S.C. §216(b) and 28 U.S.C. § 1331.

11. This Court has personal jurisdiction over Defendant because the instant claims arose from acts/omissions committed by Defendant in this District and Defendant conducts sufficient business operations in this District to confer both general and specific personal jurisdiction over it.

12. Venue is proper in this Court because the Plaintiff resides within the District and Defendant maintains business operations within the District.

## PARTIES

13. At all times material hereto, Plaintiff Anthony Yauger was and continues to be a resident of Florida. Plaintiff's written consent to join this action is attached hereto as **Exhibit A**.

14. At all times material hereto, Plaintiff was a non-exempt, hourly-paid machine operator employee of Defendant, performing work activities within this District in connection with his employment in Lee County, Florida.

15. At all times material hereto Defendant Burnt Store Recycling, LLC was, and continues to be, a Florida Limited Liability Company.

16. At all times material hereto, Defendant was, and continues to be, engaged in business in Florida, with a principal place of business in Lee County, Florida.

## COVERAGE

17. At all times material hereto Plaintiff Anthony Yauger was Defendant's "employee" within the meaning of the FLSA.

18. At all times material hereto, Defendant was, and continues to be, an "employer" within the meaning of the FLSA.

19. At all times relevant hereto, Defendant was/is a corporate enterprise engaged in commerce or the production of good for commerce as defined in the FLSA, 29 U.S.C. §§ 203 (r) and (s), and Defendant's gross volume of sales was collectively in excess of $500,000 per annum.

20. At all times material hereto, Defendant was, and continues to be, "an enterprise engaged in commerce" within the meaning of the FLSA.

21. At all times relevant hereto, Defendant had two (2) or more employees handling, selling, or otherwise working on/with goods or materials that had been moved in or produced for interstate commerce, including: cell phones, dump trucks and other vehicles, excavators, wheel loaders, and other tools, machinery, and equipment associated with the performance of their regular duties.

22. At all times material hereto, Plaintiff was "engaged in commerce" and/or the "production of goods for commerce" and is subject to individual coverage under the FLSA.

## STATEMENT OF FACTS

23. Defendant operates a waste processing and recycling facility in Cape Coral, Florida.

24. Plaintiff Anthony Yauger worked for Defendant from approximately August 2022 through July 2026.

25. At all times relevant hereto, Plaintiff worked for Defendant as a non-exempt, hourly-paid machine operator.

26. Plaintiff's primary duties included excavation, operation of heavy machinery, land clearing, loading trucks, and other work supporting Defendant's operations.

27. Plaintiff, and those similarly situated to him, routinely worked over forty (40) hours per week in most, if not all, workweeks.

28. In fact, Mr. Yauger alleges he regularly worked over fifty (50) hours in a workweek during his employment with Defendant.

29. Defendant required Plaintiff and its other hourly employees to record their work hours using Defendant's timecard system.

30. Defendant knew or should have known all hours which Plaintiff and its other hourly-paid employees worked each week, including all hours worked over forty (40) hours in a workweek.

31. Plaintiff was paid an hourly rate and was not exempt from the FLSA's overtime requirements.

32. Defendant paid Plaintiff and its other hourly-paid employees at their respective hourly rates for all their hours worked up to forty (40) hours each week.

33. Pursuant to Defendant's pay policies/practices, when Plaintiff worked more than forty (40) but fewer than fifty (50) hours in a single workweek, Defendant failed to pay Plaintiff his statutorily required compensation for those hours worked over forty (40).

34. However, when Plaintiff worked more than fifty (50) hours in a workweek, Defendant paid Plaintiff some or all of those hours over fifty (50) at Plaintiff's straight-time hourly rate.

35. Defendant failed to properly pay Plaintiff at the statutorily required rate of one and one-half times his regular rate of pay for all his hours worked over forty (40) hours in a workweek.

36. To the extent that Defendant paid Plaintiff for *some* of his hours worked over forty (40), it merely paid Plaintiff at his straight-time hourly rate and failed to pay additional "half-time" overtime premiums for all such hours.

37. At all relevant times, Defendant applied the same or similar pay policies/practices to its other similarly situated machine operator employees.

38. Due to Defendant's pay policies and practices, as alleged above, Plaintiff and the Collective Members received less than their their full overtime compensation owed for all their hours worked in excess of forty (40) in a workweek, as required by the FLSA.

39. During the relevant period of this action, Defendant's failure to pay Plaintiff, and others similarly situated, their full and proper overtime wages, resulted from a companywide policy/practice.

40. Defendant's failure to pay Plaintiff and Collective Members all their statutorily mandated overtime compensation was willful. Defendant knew, or showed reckless disregard for whether, its pay practices complied with the FLSA.

41. Defendant violated Title 29 U.S.C. § 207 within the three (3) years preceding the filing of this Complaint, and continuing to date, in that: Defendant suffered or

permitted Plaintiff to work in excess of forty (40) hours per week, without properly paying Plaintiff at a rate of one and one-half times his regular rate of pay for all his overtime hours worked in a given workweek, as required by the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

42. Plaintiff brings this action pursuant to 29 U.S.C. § 216(b), individually and on behalf of all similarly situated current and former employees of Defendant who choose to opt into this action.

43. Plaintiff and Collective Members are/were all non-exempt hourly-paid employees of Defendant who worked over forty (40) hours in one or more workweeks within the three (3) years immediately preceding the filing of this Complaint.

44. Plaintiff and the Collective Members performed the same or similar essential job duties as one another.

45. Plaintiff and the Collective Members were paid in the same or similar manner and subjected to the same wage and hour practices violative of the FLSA.

46. Plaintiff and Collective Members were subjected to the same pay provisions in that they were all non-exempt, hourly-paid employees of Defendant; were required to record their work hours using Defendant's timecard system; and were not properly paid at time-and-one-half their regular rate(s) of pay for all hours worked in excess of 40 hours in one or more workweeks as a result of Defendant's

common pay policies/practices.

47. Thus, the Collective Members are owed proper payment of overtime wages for the same reasons as Plaintiff.

48. The common policies, practices or schemes complained of herein were applicable to Plaintiff and the Collective Members.

49. Application of these policies, practices or schemes does/did not depend on the personal circumstances of Plaintiff or those joining this lawsuit.

50. Rather, the same policies or practices which resulted in the improper payment of overtime to Plaintiff applied and continues to apply to all members of the putative collective.

51. Accordingly, the proposed collective is defined as:

> **All current and former non-exempt, hourly-paid machine operators, equipment operators, laborers, and other similarly situated employees who worked for Burnt Store Recycling, LLC during the three years preceding the filing of this action through final judgment, who worked more than 40 hours in one or more workweeks, and who were not paid overtime compensation at one and one-half times their regular rates of pay for all hours worked over 40 hours in a workweek.**

52. Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to properly pay overtime compensation with respect to Plaintiff and the Collective Members.

53. Defendant did not act in good faith or reliance upon any of the following in formulating its pay practices:

(a) case law;

(b) the FLSA, 29 U.S.C. § 201, *et seq.*;

(c) Department of Labor Wage & Hour Opinion Letters; or

(d) the Code of Federal Regulations.

54. During the relevant period of this action, Defendant violated § 7(a)(1) and § 15(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, as aforesaid, for one or more workweeks without compensating such employees for their overtime hours worked at a rate at least equal to time-and-one-half their regular rate of pay for all hours worked in excess of 40 hours in a workweek.

55. Defendant possesses, controls, or can obtain the names, addresses, telephone numbers, email addresses, job titles, dates of employment, time records, and payroll records of the Collective Members.

56. Court-authorized notice is appropriate so that similarly situated employees may receive timely notice of this action and an opportunity to opt in.

**COUNT I**
**RECOVERY OF OVERTIME COMPENSATION**

57. Plaintiff re-alleges and re-avers paragraphs 1 through 56 of the Complaint as if fully set forth herein.

58. At all relevant times, Plaintiff and Collective Members were Defendant's employees within the meaning of the FLSA.

59. At all relevant times, Defendant was Plaintiff's and Collective Members' employer within the meaning of the FLSA.

60. Plaintiff and Collective Members were non-exempt employees entitled to receive overtime compensation under 29 U.S.C. § 207(a)(1).

61. Plaintiff and Collective Members worked more than forty hours in one or more workweeks.

62. Defendant knew or should have known that Plaintiff and Collective Members worked more than forty hours in one or more workweeks

63. Throughout their employment with Defendant, and within the three (3) years preceding the filing of this Complaint, Plaintiff and Collective Members worked in excess of forty (40) hours per week but were not compensated at the statutory rate of one and one-half times their regular rate of pay for all hours worked above forty hours in a workweek.

64. Defendant violated the FLSA by failing to pay Plaintiff and Collective Members overtime compensation at one and one-half times their regular rates for all hours worked over forty (40) hours in a workweek.

65. Defendant's violations of the FLSA are/were willful and/or showed reckless disregard for its obligations to comply with the overtime provisions of the FLSA, as evidenced by its failure to properly pay Plaintiff one and one-half times his regular rate of pay for all his hours worked in excess of forty (40) hours per

week when it knew, or should have known, such was, and is due.

66. Defendant's violations of the FLSA, as described herein, were not undertaken in good faith and/or were not based on objectively reasonable grounds for believing its conduct complied with the FLSA.

67. Defendant failed to properly disclose or apprise Plaintiff of his FLSA rights.

68. Due to the intentional, willful, and unlawful acts of Defendant, Plaintiff has suffered and continues to suffer damages, including lost overtime wages, plus an equal amount as liquidated damages.

69. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

**PRAYER FOR RELIEF**

Wherefore, Plaintiff, on behalf of himself and on behalf of all other similarly situated Collective Members, respectfully requests that this Court grant the following relief:

a. Designation of this action as a collective action on behalf of the Collective Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, appraising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Join pursuant to 29 U.S.C. §216(b) and appointing Plaintiff and Plaintiff's counsel to

represent the Collective Members;

b. An award of unpaid overtime compensation due under the FLSA;

c. An award of liquidated damages as a result of the Defendant's willful failure to pay overtime compensation pursuant to 29 U.S.C § 216;

d. An award of prejudgment and post judgment interest;

e. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

f. Such other and further relief as this Court deems just and proper.

**DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the Complaint.

Dated: September 30, 2026

Respectfully submitted by,

*/s/ Corey L. Seldin*

Corey L. Seldin, Esq.
Florida Bar No. 1026565
**Morgan & Morgan, P.A.**
8151 Peters Road, Suite 4000
Plantation, Florida 33324
Telephone: (954) 807-7765
Facsimile: (954) 807-7786
Email: cseldin@forthepeople.com
***Counsel for Plaintiff***